IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CAROLYN GUTIERREZ, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> NANCY A. BERRYHILL, § <br> Acting Commissioner of the Social § <br> Security Administration, § <br> § <br> Defendant. § | Civil Action No. 4:17-cv-00389-Y-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES
MAGISTRATE JUDGE, NOTICE, AND ORDER**

Plaintiff Carolyn Gutierrez ("Gutierrez") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for disability insurance benefits under Title XVI of the Social Security Act ("SSA"). ECF No. 1. After considering the pleadings, briefs, and the administrative record, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **AFFIRM** the Commissioner's decision.

**FINDINGS AND CONCLUSIONS**

**I.     STATEMENT OF THE CASE**

Gutierrez filed an application for disability benefits on October 2, 2014. Tr. 54. She alleged a disability onset date of August 26, 2014. *Id.* Gutierrez alleged limiting conditions of back problems, diabetes, high blood pressure, high cholesterol, basal cell carcinoma skin cancer, depression, and lupus. Tr. 199. The Commissioner initially denied her benefits on November 26, 2014. Tr. 128–32. The Commissioner denied her benefits upon reconsideration on January 16, 2015. Tr. 134–37. Gutierrez requested a hearing before an Administrative Law Judge ("ALJ"), and

a hearing was held before Judge Herbert Green in Fort Worth, Texas, on November 17, 2015. Tr. 54, 64. Counsel represented Gutierrez at the hearing. Tr. 54. Vocational Expert ("VE") Michelle Aliff testified at the hearing. *Id.* The ALJ issued his decision on January 14, 2016, finding that Gutierrez was not entitled to disability benefits. Tr. 64.

In his decision, the ALJ employed the statutory five-step analysis. At step one, he found that Gutierrez had not engaged in substantial gainful activity since August 26, 2014, the alleged disability onset date. Tr. 55, Finding 2. At step two, the ALJ found that Gutierrez had the severe impairments of degenerative joint disease of the shoulders, degenerative disk disease of the thoracic spine, diabetes mellitus with diagnosed neuropathy, obesity, and diagnosed depression and anxiety. Tr. 55, Finding 3. The ALJ found that the objective clinical evidence failed to establish that Gutierrez had coronary artery disease or lupus. Tr. 57, Finding 3. At step three, the ALJ found that Gutierrez's impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. 404(P)(1). Tr. 55, Finding 3. The ALJ found that Gutierrez "has some functional limitations as a result of her impairments but that her subjective complaints greatly outweigh the objective clinical evidence." Tr. 61, Finding 4. The ALJ therefore determined that Gutierrez had the residual functional capacity ("RFC") to perform, on a continuing and sustained basis, the exertional and nonexertional requirements of light work activity that affords a sit/stand option; that does not entail climbing, crawling, kneeling, or squatting; that only occasionally entails stooping and crouching; and that can be performed by a person having the ability to understand, remember, and carry out only instructions, the ability to make simple decisions, the ability to attend and concentrate for extended periods, the ability to accept instructions, and the ability to respond appropriately to changes in a routine work settings. Tr. 62, Finding 5.

At step four, the ALJ found that Gutierrez's past relevant work as a cashier II, as it is customarily performed in the national economy, does not require any activities that would be precluded by Gutierrez's RFC. Tr. 63, Finding 6. The ALJ found that Gutierrez was capable of performing her past relevant work. Tr. 63, Finding 7. The ALJ based this conclusion on the testimony of the VE, who testified that cashier II positions existed that a person with Gutierrez's limitations could perform, though those limitations would reduce the number of available cashier II jobs to ten percent of the whole. Tr. 63–64, Finding 7. Because the ALJ determined that Gutierrez could perform her past relevant work at step four, he did not continue to step five. The ALJ found that Gutierrez was not under a disability at any time through the date of his decision on January 14, 2016. Tr. 64, Finding 8.

The Appeals Council denied Gutierrez's request for review on March 17, 2017. Tr. 1–5; ECF Nos. 13 at 2 and 14 at 2. Therefore the ALJ's decision became the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) ("[T]he Commissioner's final decision includes the Appeals Council's denial of a request for review.").

## II.   FACTUAL BACKGROUND

Gutierrez was born on August 26, 1964, and was 50 years old on her alleged disability onset date. Tr. 71, 180, 196. The highest grade of schooling she completed was eighth grade. Tr. 200. Her past work included work as a cashier, an assistant manager, and a temporary worker. Tr. 72–73, 200, 208–215.

## III.   STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.* of the SSA controls the disability insurance program as well as numerous regulatory provisions concerning disability insurance. *See* 20 C.F.R. Pt. 404.

The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d); *McQueen v. Apfel*, 168 F.3d 152, 154 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). For step one, the claimant must not be presently working at any substantial gainful activity to gain disability benefits. 20 C.F.R. § 404.1520(a)(4)(i). "Substantial gainful activity" means work activity involving the use of significant physical or mental abilities for pay or profit. 20 C.F.R. § 404.1572; *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002). For step two, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(c); *see also Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). For step three, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing") found in 20 C.F.R. Pt. 404, Subpt. P, App. 1. 20 C.F.R. § 404.1520(d). Before proceeding to step four, the Commissioner must assess the claimant's RFC—"the most the claimant can still do despite [her] physical and mental limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). For step four, if the claimant's medical status alone does not constitute a disability, the impairment must prevent the claimant from returning to his past relevant work. 20 C.F.R. § 404.1520(e). For step five, the impairment must prevent the claimant from doing any work, considering the claimant's RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(f); *Crowley v. Apfel*, 197 F.3d 194, 197–98 (5th Cir. 1999). "The claimant bears the burden of showing that she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other

substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). "If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (quoting *Crowley*, 197 F.3d at 198.)

The Court's decision is limited to a determination of whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Audler*, 501 F.3d at 447; *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if evidence is present. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988); *Harris*, 209 F.3d at 417. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (quoting *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)).

### IV.   ANALYSIS

Gutierrez raises three issues on appeal: the ALJ's RFC assessment was erroneous, the ALJ erred in finding that she could perform her past relevant work, and the ALJ's hypothetical question to the VE at the hearing was defective.

**I.   The ALJ's RFC assessment was not erroneous.**

A claimant's RFC is "the most the claimant can still do despite [her] physical and mental limitations." *Perez*, 415 F.3d at 461; 20 C.F.R. § 416.945(a)(1). "RFC is an administrative

5

assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8P, 1996 WL 374184, at *2.

The ALJ found that Gutierrez retained the RFC to perform, on a continuing and sustained basis, the exertional and nonexertional requirements of light work activity that affords a sit/stand option; that does not entail climbing, crawling, kneeling, or squatting; that only occasionally entails stooping and crouching; and that can be performed by a person having the ability to understand, remember, and carry out only instructions, the ability to make simple decisions, the ability to attend and concentrate for extended periods, the ability to accept instructions, and the ability to respond appropriately to changes in a routine work settings. Tr. 62. The ALJ noted that the objective clinical evidence did not support any greater limitations. *Id.* The ALJ had previously found, when analyzing the medical record, that Gutierrez "had greatly exaggerated both the nature and the severity of her subjective complaints . . . ." *Id.* The ALJ also noted that he gave some weight to the opinion of the state agency medical consultants (SAMCs) but did not adopt those opinions because the SAMCs had not personally observed Gutierrez, heard the testimony, or reviewed all of the pertinent evidence. Tr. 63.

Gutierrez argues that the ALJ's found RFC was erroneous because the ALJ made inappropriate findings. ECF No. 13 at 12–14. She contends that the ALJ found additional impairments beyond what the SAMCs found, including a job limitation that Gutierrez be able to sit or stand at will, as well as a limitation derived from Gutierrez's depression and anxiety would limit her ability to carry out instructions and make decisions. *Id.* at 13. Gutierrez argues that the ALJ "had no medical guidance to support these findings of fact." *Id.* She cites in support *Frank v.*

*Barnhart*, claiming that that case stands for the proposition that ALJs should not "play doctor" and make their own independent medical assessments. 326 F.3d 618, 621–22 (5th Cir. 2003) (citing *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)). But in that case the United States Court of Appeals for the Fifth Circuit declined to rule on that proposition—which originated in the Seventh Circuit—because the court found that any error of the ALJ was harmless. *Id.* at 622.

Similarly, any claimed error is without prejudice to Gutierrez. The ALJ in this case found greater limitations than the SAMCs. Gutierrez is unlikely to be prejudiced by an ALJ's findings that she is more limited, rather than less, than a particular medical expert found. Indeed, Gutierrez does not argue any harm. She argues only that the ALJ's broader findings of limitations may cast doubt on a number of the ALJ's other findings, without providing any additional medical evidence on those findings or noting any contradictions in the record. *See* ECF No. 13 at 13–14.

Nor does the undersigned find that the ALJ committed any error by finding limitations beyond what the SAMCs found. It is clear that the ALJ considered the entire record, including Gutierrez's medical records, her disability and function reports, and the SAMCs' opinions, when making his RFC assessment. Tr. 55–63. The ALJ gave a detailed explanation for why he gave limited weight to the SAMCs' opinions. Tr. 63. The ALJ is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly. *Holmes v. Colvin*, 555 Fed. App'x 420, 422 (5th Cir. 2014) (citing *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994)). Gutierrez has not given any reason why the ALJ's RFC is incorrect, given the evidence found in the record as a whole, or how the error she alleges could have led to a finding of disability.

**II.     The ALJ's finding that Gutierrez could perform her past relevant work is supported by substantial evidence.**

Step four of the sequential evaluation process requires the ALJ to assess whether the claimant can do her past relevant work, considering her RFC. 20 C.F.R. § 404.1520(a)(4)(iv). In

order to make the determination of whether a claimant can perform past work, an ALJ is required to assess the physical demands of that past work. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). "This determination may rest on descriptions of past work as actually performed or as generally performed in the national economy." *Id.*

Gutierrez contends that the ALJ's decision that Gutierrez could not perform her past relevant work was erroneous because it was based on insufficient VE evidence. ECF No. 13 at 10–11. At the hearing on Gutierrez's claim, the ALJ asked the VE what jobs a hypothetical person with Gutierrez's RFC could perform. Tr. 86–87. The VE responded that the hypothetical person could do the jobs of inspector and hand packager, bench assembler, and "[a]pproximately ten percent of the jobs in the nation of a cashier II. . . ." Tr. 87. The ALJ then asked whether the VE's testimony was that Gutierrez could do her prior work. *Id.* The VE responded that she could not do it as she performed it in the past, but could perform cashier II jobs in a parking lot, a movie theater, and certain gas stations that the VE describes as "gas islands, you know, where there's just the tiny little thing in the middle." Tr. 87–88. The ALJ then asked whether Gutierrez could do those jobs not as she performed them in the past but as they are performed in the national economy, to which the VE responded that she could perform the previously mentioned ten percent of jobs in the cashier II classification. Tr. 88. Gutierrez's counsel briefly cross-examined the VE but did not challenge the ALJ's hypothetical or the determination that a person with Gutierrez's limitations could perform the jobs to which the VE testified. Tr. 89.

Gutierrez argues that the VE's testimony provides insufficient evidence because the VE never said that the ten percent of remaining jobs were "convenience store cashier II" jobs, which was her past relevant work. ECF No. 13 at 11. The VE clearly testified in response to the ALJ's direct questioning on this point that there are substantial numbers of cashier II jobs that a person

with Gutierrez's limitations could perform in the national economy, though reduced to ten percent of the total number of such jobs. Tr. 87–88. The determination of whether the claimant can perform past relevant work can also rest on the characteristics of that work as generally performed in the national economy. *Villa*, 895 F.2d at 1022. The VE is by no means required, when testifying about those jobs, to find jobs with the exact business type as the claimant's past work. *See Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995) (affirming the ALJ's decision at step four, which relied on VE testimony that the claimant could not perform his past work as a cashier in a convenience store but could in a food service or restaurant setting). The ALJ's decision that Gutierrez could perform past work, insofar as he relied on the VE's testimony, is without error.

### III. The ALJ's hypothetical question to the VE was not faulty under Social Security Ruling 96-8P.

Social Security Ruling 96-8P states:

> The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities. At step 4 of the sequential evaluation process, the RFC must not be expressed initially in terms of the exertional categories of 'sedentary,' 'light,' 'medium,' 'heavy,' and 'very heavy' work because the first consideration at this step is whether the individual can do past relevant work as he or she actually performed it.
>
> RFC may be expressed in terms of an exertional category, such as light, if it becomes necessary to assess whether an individual is able to do his or her past relevant work as it is generally performed in the national economy. However, without the initial function-by-function assessment of the individual's physical and mental capacities, it may not be possible to determine whether the individual is able to do past relevant work as it is generally performed in the national economy because particular occupations may not require all of the exertional and nonexertional demands necessary to do the full range of work at a given exertional level.

SSR 96-8P, 1996 WL 374184, at *3 (July 2, 1996). Gutierrez argues that the ALJ failed to meet the requirement of this ruling that "the RFC must not be expressed initially in terms of the exertional categories of 'sedentary,' 'light,' 'medium,' 'heavy,' and 'very heavy' work" because

the ALJ asked the VE a hypothetical question that included a limitation of "light work" without first providing a function-by-function description of light work. *Id.*; Tr. 86; ECF No. 13 at 8. Gutierrez contends that this allegedly improper question meant that the VE could not accurately testify as to whether Gutierrez could perform her past work, and that therefore substantial evidence did not support the ALJ's step four determination. ECF No. 13 at 9–10.

The Social Security Administration's rulings are not binding on this Court, but the Court may consult them for guidance. *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001). Even were this Court to rely on Social Security Ruling 96-8P, however, that would not lead to a finding that the ALJ's decision was not based on substantial evidence. The ruling does not place any restrictions on an ALJ's questions to a VE. It instead requires the ALJ to make an initial function-by-function assessment in determining the claimant's RFC, prior to and aside from any questions to the VE. *See* SSR 96-8P, 1996 WL 374184, at *3. In addition, the ruling goes on to say that the "RFC may be expressed in terms of an exertional category, such as light, if it becomes necessary to assess whether an individual is able to do his or her past relevant work as it is generally performed in the national economy." *Id.* The ruling explicitly allows the ALJ to express the RFC as light when assessing whether Gutierrez can do her past relevant work, on which the ALJ questioned the VE. The ALJ's question to the VE was not faulty and this ground does not require remand.

## CONCLUSION

The ALJ followed the correct legal standards in reaching his conclusion, and substantial evidence in the record supports the ALJ's determination, based on the VE's testimony, that Gutierrez was not disabled.

## RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that Judge O'Connor AFFIRM the Commissioner's decision.

### **NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

### **ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party shall have until **February 7, 2018**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

Signed January 24, 2018.

                                              _____
                                              Hal R. Ray, Jr.
                                              UNITED STATES MAGISTRATE JUDGE